


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

JANE DOE, individually and doing business as TRUE TEA,     **1:26-cv-02785**

   Plaintiff,     **Judge Steven C. Seeger**
                                **Magistrate Judge Heather K. McShain**
                                **Random/Cat 2**

v. Case No. _____

VERA LYNN CALVIN, also known as "PBE" / "Pretty Brown Eyez" on YouTube, and

AT&T INC.,

   Defendants.

COMPLAINT

Plaintiff Jane Doe ("Plaintiff"), proceeding pro se, brings this civil action against Defendants Vera Lynn Calvin and AT&T Inc., and alleges as follows:

I. NATURE OF THE ACTION

1. This is an action for defamation, cyberstalking, harassment, identity-seeking,

tortious interference with business relationships, civil conspiracy, and related torts arising from a coordinated, retaliatory campaign carried out by Defendant Vera Lynn Calvin against Plaintiff.

2. Defendant Calvin used online platforms, false reports, threats, and attempts to uncover Plaintiff's identity to intimidate, silence, and financially destroy Plaintiff after Plaintiff successfully raised funds to assist another content creator with legal representation.
3. Defendant AT&T Inc. is named under theories of respondeat superior, negligent supervision, and negligent retention, as Defendant Calvin was employed by AT&T during relevant periods and AT&T was aware of prior allegations involving similar misconduct.

II. JURISDICTION AND VENUE 4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the

parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks damages in excess of $5,000,000.

5. This Court also has jurisdiction under 28 U.S.C. § 1331 because this action arises from interstate conduct involving online platforms, telecommunications systems, and coordinated cyber harassment.
6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Plaintiff suffered harm here.

III. PARTIES 7. Plaintiff Jane Doe is an individual who conducts business online under the name

True Tea. Plaintiff brings this action using a pseudonym due to credible threats, stalking, and repeated attempts to obtain her identity.

8. Defendant Vera Lynn Calvin is an individual who operates YouTube channels and online accounts under the name "Pretty Brown Eyez" ("PBE") and other aliases.
9. Defendant AT&T Inc. is a national telecommunications corporation doing business in Illinois and throughout the United States.

IV. FACTUAL ALLEGATIONS

A. No Prior Relationship

10. Plaintiff had no personal, professional, or online relationship with Defendant Calvin prior to the events at issue.

11. Plaintiff blocked Defendant Calvin early on after observing Defendant's repeated online conflicts with other content creators.

B. GoFundMe and Retaliatory Motive

12. Plaintiff raised funds through GoFundMe to assist fellow content creator Helen Griffin with retaining legal counsel for a lawsuit.

13. Defendant Calvin was not involved in the fundraiser and received no funds.

14. At the time, Defendant Calvin was a defendant in a separate defamation and doxxing lawsuit and did not have funds to retain counsel.

15. After observing Plaintiff raise funds for another individual rather than herself or her associate, Defendant Calvin became hostile and retaliatory.

C. False Accusations and Defamation

16. Defendant Calvin publicly accused Plaintiff of operating a scam.

16A. Defendant Calvin also publicly stated that Plaintiff's website was a "Ponzi scheme," accusing Plaintiff of running an illegal financial operation. This statement was false and was made to damage Plaintiff's reputation and credibility.

16B. Defendant Calvin further made statements claiming that Plaintiff was a lesbian. This statement was false, unrelated to any legitimate public concern, and was made in a derogatory and defamatory manner intended to humiliate and discredit Plaintiff before her audience.

17. Defendant Calvin falsely claimed that the GoFundMe campaign was fraudulent and repeatedly stated that Plaintiff was actually Helen Griffin's daughter, Lakita Clark, and that they were conspiring to defraud donors.

18. These statements were false. Plaintiff is not Lakita Clark and is not related to Helen Griffin.

19. Defendant Calvin admitted to repeatedly reporting Plaintiff's GoFundMe campaign as fraudulent.

20. As a result of Defendant Calvin's false reports, Plaintiff's GoFundMe funds were placed on hold multiple times.

21. GoFundMe investigated and cleared Plaintiff of any wrongdoing, yet Defendant Calvin continued submitting false reports.

22. Defendant Calvin also falsely reported Plaintiff to YouTube, Cash App, and PayPal.

23. These false reports caused Plaintiff's YouTube channel to be terminated.

24. Plaintiff's YouTube channel was her primary source of income and generated six figures annually.

25. Defendant Calvin publicly bragged about causing Plaintiff to lose her income and stated she would not stop until Plaintiff lost everything.

C-1. Circumvention of Blocking and Financial Intimidation

25A. Defendant Calvin was blocked by Plaintiff on all known social media platforms prior to this lawsuit. Despite these blocks, Defendant Calvin deliberately circumvented Plaintiff's efforts to avoid contact by initiating contact through the Cash App platform.

25B. Defendant Calvin sent Plaintiff a one-dollar payment via Cash App accompanied by a hostile message stating, "see you in court hoe," and immediately requested the payment be returned.

25C. In the weeks that followed, Plaintiff experienced unauthorized financial activity. Defendant Calvin later published content threatening to steal money from another victim's bank account while referencing the same banking institution Plaintiff uses. Her conduct and fixation on Plaintiff's finances contributed to Plaintiff's reasonable fear of continued harassment and irreparable harm.

25D. Defendant Calvin also admitted publicly that she had access to Plaintiff's PayPal login information even after Plaintiff changed her passwords. This admission occurred shortly before money was stolen from Plaintiff's bank account, causing Plaintiff to reasonably fear that Defendant Calvin had obtained or misused Plaintiff's financial account credentials.

D. Harassment, Threats, and Intimidation

26. Defendant Calvin escalated her conduct to direct harassment and threats.

27. Defendant Calvin posted videos and messages calling Plaintiff a fraud, making false statements about Plaintiff's family, and using racially derogatory language.

28. Defendant Calvin threatened violence against Plaintiff, Plaintiff's children, and Plaintiff's mother.

29. Defendant Calvin told Plaintiff to "find something safe to do because people are not going to keep sparing you and your pickaninny's" and stated she would "ball [Plaintiff] and [Plaintiff's] family up in a ball" because she "does not give a fuck and never has."

30. Plaintiff understood these statements as serious threats of violence.

31. Defendant Calvin made additional threats against Plaintiff and Plaintiff's family while traveling to work.

31A. Defendant Calvin posted a YouTube video directed at Plaintiff and Plaintiff's supporters. In that video, Defendant Calvin instructed Plaintiff's supporters to tell Plaintiff to "sit [her] ass down before [she] get[s] put down," stating that Plaintiff was "not gonna rest until [she is] in hell." Plaintiff understood these statements, which were intentionally conveyed through third parties, as direct and credible threats of serious bodily harm or death.

31B. Defendant Calvin also recorded and published a hostile and threatening message while traveling to work stating that if Plaintiff, Plaintiff's children, or Plaintiff's mother ever came to Florida, they "would not leave the same way [they] came," that they were "playing with [their] lives," and to "take that however [she] wanna take it." Plaintiff reasonably understood this as a direct threat to their lives and physical safety.

32. Upon information and belief, Defendant Calvin carries a firearm.

E. Identity-Seeking and Doxxing Attempts

33. Defendant Calvin repeatedly attempted to discover Plaintiff's identity.

34. Defendant Calvin filed false motions seeking Plaintiff's identifying information and improper subpoenas.

35. A judge warned Defendant Calvin that further improper filings would result in sanctions.

36. Defendant Calvin continued identity-seeking efforts despite this warning.

37. Defendant Calvin contacted Plaintiff through multiple platforms after being blocked.

37A. After being blocked on all other platforms, Defendant Calvin accessed Plaintiff's website and created a personal account for herself in order to continue harassing and monitoring Plaintiff, further demonstrating stalking and circumvention of Plaintiff's attempts to avoid contact.

37B. Defendant Calvin recently doxxed Plaintiff by publishing Plaintiff's listed home address and phone number on her YouTube channel. After this information was publicly posted on Defendant Calvin's Youtube channel, Plaintiff received harassing telephone calls in the middle of the night from unknown individuals, causing additional fear, disruption, and distress.

38. Defendant Calvin stated Plaintiff's son had an overdue cable bill in Plaintiff's name, causing Plaintiff to fear improper access to protected records.

39A. Upon information and belief, Defendant Calvin used or misused AT&T systems, databases, or employment-related access to research Plaintiff and Plaintiff's family without authorization. Defendant Calvin specifically stated that Plaintiff's son had an overdue cable bill in Plaintiff's name, information that was not publicly available. This caused Plaintiff to reasonably believe that Defendant Calvin accessed protected or proprietary information through her employment.

F. Coordinated Retaliatory Campaign

40. Defendant Calvin coordinated with Natavia Garner in an online retaliatory campaign.

41. Ms. Garner is not a defendant in this action.

42. These allegations demonstrate the coordinated nature of Defendant Calvin's conduct.

G. AT&T's Knowledge and Liability

42A. Defendant Calvin created and published harassing, threatening, and defamatory posts and videos concerning Plaintiff while at work and during work hours while employed by AT&T. In at least one such video recorded at her workplace, Defendant

Calvin falsely claimed that Plaintiff's mother was a prostitute, that Plaintiff did not know the identity of her father, that Plaintiff's children did not know the identity of their father, and that Plaintiff was a fraud. These statements were false, malicious, and part of the same course of conduct alleged herein.

43. Defendant Calvin was employed by AT&T during relevant periods.

44. AT&T was aware of prior allegations involving Defendant Calvin.

45. Defendant Calvin has an outstanding arrest warrant, an active restraining order obtained by another victim, and is currently being sued by another victim for copyright infringement.

46. AT&T knew or should have known of Defendant Calvin's history yet continued to employ her.

47. AT&T has been sued by another individual involving similar allegations.

48. Despite this knowledge, AT&T continued to employ Defendant Calvin.

## V. CLAIMS FOR RELIEF

COUNT I – Defamation (Against Vera Lynn Calvin)

49. Defendant Calvin made false statements of fact about Plaintiff.

50. These statements were published to third parties.

51. Defendant Calvin knew the statements were false or acted with reckless disregard.

52. Plaintiff suffered reputational harm and financial loss.

COUNT II – Cyberstalking and Harassment (Against Vera Lynn Calvin)

53. Defendant Calvin engaged in a course of conduct directed at Plaintiff.

54. The conduct caused substantial emotional distress and fear.

COUNT III – Tortious Interference with Business Relationships (Against Vera Lynn Calvin)

55. Defendant Calvin intentionally interfered with Plaintiff's business relationships.

56. Plaintiff suffered economic damages.

COUNT IV – Civil Conspiracy (Against Vera Lynn Calvin)

57. Defendant Calvin acted in concert with others.

COUNT V – Respondeat Superior / Negligent Supervision (Against AT&T Inc.)

58. Defendant Calvin's conduct was enabled by AT&T's failure to supervise and retain her.

COUNT VI – Intentional Infliction of Emotional Distress (Against Vera Lynn Calvin)

59. Defendant Calvin engaged in extreme and outrageous conduct directed at Plaintiff, including repeated harassment, threats of violence, defamatory accusations, stalking behavior, and efforts to destroy Plaintiff's livelihood.

60. Defendant Calvin intended to cause Plaintiff severe emotional distress or acted with reckless disregard of the high probability that her conduct would cause such distress.

61. As a direct and proximate result of Defendant Calvin's conduct, Plaintiff suffered severe emotional distress, fear for her safety and the safety of her family, anxiety, humiliation, and other emotional damages.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages in excess of $5,000,000;

C. Award punitive damages;

D. Issue injunctive relief prohibiting Defendant Calvin from contacting or threatening Plaintiff;

E. Order removal of defamatory content;

F. Refer evidence of potential criminal conduct to appropriate law enforcement authorities;

G. Grant such other relief as the Court deems just.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Jane Doe

Plaintiff, Pro Se

d/b/a True Tea

Dated: *03/10/2026*_____

Respectfully submitted,

*Jane Doe*
Jane Doe

Verified by pdfFiller
03/10/2026