

1:26-cv-02785
Judge Steven C. Seeger
Magistrate Judge Heather K. McShain
Random/Cat 2

# PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff, by and through herself, respectfully moves this Court for leave to proceed under a pseudonym pursuant to Federal Rule of Civil Procedure 10(a) and the Court's inherent authority to manage its docket and protect litigants from undue harm. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This case involves serious allegations that place Plaintiff at risk of harassment, reputational harm, and further injury if her true identity is publicly disclosed at this stage of the proceedings. Courts routinely permit parties to proceed under pseudonyms where privacy interests outweigh the presumption of open judicial proceedings. That balance favors Plaintiff here.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) generally requires that the names of all parties appear in the caption. However, courts within the Seventh Circuit recognize exceptions where a plaintiff demonstrates a substantial privacy interest, a risk of retaliatory harm, or where identification would effectively punish the plaintiff for seeking judicial relief.

Courts apply a balancing test weighing the plaintiff's interest in anonymity against the public's interest in open judicial proceedings and any prejudice to the opposing party. See *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Relevant factors include whether the plaintiff faces a real danger of harassment or retaliation, whether the case involves highly sensitive personal matters, and whether anonymity is necessary to prevent further injury. No single factor is dispositive.

## III. ARGUMENT

### A. Plaintiff Faces a Substantial Risk of Harassment, Threats, and Reputational Harm

Plaintiff is a private individual who has already been subjected to public misidentification, false accusations, and online dissemination of harmful claims related to the events giving rise to this action. As alleged in the Complaint, Plaintiff has been wrongly portrayed as someone she is not, resulting in reputational injury and public targeting.

In addition to reputational harm, Plaintiff has received explicit threats of bodily harm and threats to her life as a result of this misidentification and public targeting. These threats are serious, credible, and directly connected to the public dissemination of false information regarding Plaintiff's identity.

Disclosure of Plaintiff's legal name would materially increase the risk of physical harm by making it easier for bad actors to locate, target, or further intimidate Plaintiff. This is not a speculative concern; it is an ongoing and escalating safety risk. Courts within the Seventh Circuit recognize that credible threats of bodily harm or death weigh heavily in favor of permitting a plaintiff to proceed under a pseudonym.

### B. This Case Involves Highly Sensitive and Personal Matters

The allegations in this action involve deeply personal circumstances, including false accusations, misrepresentation of identity, and resulting harm to Plaintiff's personal and professional life. Forcing Plaintiff to litigate under her legal name would exacerbate the very injuries for which she seeks relief.

### C. Anonymity Is Necessary to Prevent Further Injury

Requiring Plaintiff to publicly disclose her identity would effectively compound the alleged wrongdoing and chill Plaintiff's ability to seek redress. Proceeding under a pseudonym preserves the status quo and allows the case to be decided on its merits without unnecessary collateral harm.

### D. Defendants Will Not Be Prejudiced

Defendants will not be unfairly prejudiced by Plaintiff's use of a pseudonym. Plaintiff is willing to disclose her true identity to Defendants under an appropriate protective order, if required by the Court. Discovery and defense preparation can proceed unimpeded.

### E. The Public Interest Is Adequately Protected

The public interest in open judicial proceedings is satisfied because the substance of the claims, the Court's rulings, and the conduct at issue will remain public. Plaintiff's anonymity is narrowly tailored and does not obstruct transparency regarding the legal issues before the Court.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff leave to proceed under a pseudonym ("Jane Doe");
2. Order that Plaintiff's true identity be maintained under seal and disclosed only to the Court;
3. Direct the Clerk of Court to restrict public access to filings that would reveal Plaintiff's identifying information; and
4. Grant such other and further relief as the Court deems just and proper.

*Jane Doe* — Verified by pdfFiller 02/27/2026

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion to Proceed Under Pseudonym, and for good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion is GRANTED;

2. Plaintiff may proceed in this action under the pseudonym "Jane Doe";
3. Plaintiff's true identity shall be maintained under seal and disclosed only to the Court; and
4. The Clerk of Court is directed to restrict public access to any documents that would reveal Plaintiff's identity.

SO ORDERED.

Dated: _____

---

United States District Judge