**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Jane Doe

Plaintiff,

v.

Case No.: 1:26−cv−02785
Honorable Steven C. Seeger

Vera Lynn Calvin, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 5, 2026:

MINUTE entry before the Honorable Steven C. Seeger: Plaintiffs' motion to proceed anonymously (Dckt. No. [6]) is hereby denied. There is a strong presumption of openness in litigation. The federal courthouse is a public building, and there is a long tradition of litigating out in the open. Litigating anonymously requires a showing of exceptional circumstances. "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." See Doe v. Village of Deerfield, 819 F.3d 372, 376−−77 (7th Cir. 2016); see also Doe v. Cook Cnty., 542 F. Supp. 3d 779, 784−85 (N.D. Ill. 2021); see also Doe v. Univ. of Southern Indiana, 172 F.4thh 511, 514 (7th Cir. 2026) ("We have explained in many opinions why there is a strong presumption in favor of requiring adult parties to litigate under their real names in federal court."). "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." See Doe v. Trustees of Indiana Univ., 101 F.4th 485, 491 (7th Cir. 2024). A potential reputational injury isn't enough. See Doe v. Loyola Univ. Chi., 100 F.4th 910, 913 (7th Cir. 2024). A desire to avoid embarrassment doesn't cut it, either. See Doe, 101 F.4th at 491. A party seeking to proceed by pseudonym must "show[ ] that the harm to the [party]... exceeds the likely harm from concealment." See Roe v. Dettelbach, 59 F.4th 255, 259 (7th Cir. 2023). Plaintiff has not satisfied that standard here. The complaint isn't crystal clear about what, exactly, the complaint is about. Plaintiff Jane Doe sued Vera Lynn Calvin, "an individual who operates YouTube channels and online accounts under the name 'Pretty Brown Eyez' ('PBE') and other aliases." See Cplt., at ¶ 8. Jane Doe "raised funds through GoFundMe to assist fellow content creator Helen Griffin with retaining legal counsel for a lawsuit." Id. at ¶ 12. Defendant Calvin then "publicly accused Plaintiff of operating a scam," and "publicly stated that Plaintiff's website was a 'Ponzi scheme,' accusing Plaintiff of running an illegal financial operation." Id. at ¶ 16A. "Defendant Calvin sent Plaintiff a one−dollar payment via Cash App accompanied by a hostile message stating, 'see you in court hoe,' and immediately requested the payment be returned." Id. at ¶ 25B. The complaint goes on to allege that "Defendant Calvin threatened

violence against Plaintiff, Plaintiff's children, and Plaintiff's mother." Id. at ¶ 28. "Defendant Calvin told Plaintiff to 'find something safe to do because people are not going to keep sparing you and your pickaninny's' and stated she would 'ball [Plaintiff] and [Plaintiff's] family up in a ball' because she 'does not give a fuck and never has.'" Id. at ¶ 29. Plaintiff &quo;t;understood these statements as serious threats of violence." Id. at ¶ 30. The complaint gives a few other examples of YouTube messages that she views as threatening. It is hard to know what to make of those allegations, and what to make of the posts and/or videos on YouTube. But other allegations in the complaint suggest that Defendant already knows Plaintiff's real name. One paragraph suggests that Plaintiff "experienced unauthorized financial activity," and she suggests that Defendant might be the culprit. Id. at ¶ 25C. Another paragraph alleges that "Defendant Calvin used or misused ATT systems, databases, or employment−related access to research Plaintiff and Plaintiff's family without authorization." Id. at ¶ 39A. Yet another paragraph alleges that "Defendant Calvin recently doxxed Plaintiff by publishing Plaintiff's listed home address and phone number on her YouTube channel." Id. at ¶ 37B. If this Court believed that disclosing Plaintiff's real name would place her at imminent risk of serious harm, then this Court would grant the motion. But here, it sounds like Defendant already knows Plaintiff's real name. Otherwise, how could Defendant "dox" her? In her motion, Plaintiff says that she wants to proceed anonymously to avoid "substantial risk of harassment, threats, and reputational harm." If Defendant has done something to harm Plaintiff's reputation, then Plaintiff's true identity must be known already. A desire to avoid reputational harm, without more, isn't enough to justify proceeding anonymously. "[P]laintiffs may not proceed anonymously merely to avoid reputational damage or embarrassment." See Doe v. Young, 2025 WL 927320, at *2 (7th Cir. 2025). "[F]ederal lawsuits can be stressful and 'frequently invade customary notions of privacy and−in the bargain−threaten parties' reputations.'" See Doe v. University of Southern Indiana, 172 F.4thh 511, 515 (7th Cir. 2026). The motion also refers generally to possible "bad actors," which is too general to support a request to proceed anonymously. See Mtn., at 2 (Dckt. No. [6]) ("Disclosure of Plaintiff's legal name would materially increase the risk of physical harm by making it easier for bad actors to locate, target, or further intimidate Plaintiff. This is not a speculative concern; it is an ongoing and escalating safety risk."). Here, Plaintiff is concerned about the blow−back that she could receive if she reveals her actual name. That concern is mitigated by the fact that Defendant appears to know her real name already. Also, the complaint and the motion hint at possible retaliation and threats, but the allegations are too general and non−descript to justify the extraordinary departure from ordinary standards about litigating in one's own name. Overall, Plaintiff has not made a sufficient showing that she faces an imminence risk of retaliation or other serious harm if she litigates in her own name. Accordingly, Plaintiff must litigate in her own name, or not at all. Plaintiff must file an amended name with her actual name no later than two weeks after entry of this order. A failure to comply will lead to dismissal. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.