**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Jane Doe

Plaintiff,

v.

Case No.: 1:26−cv−02785
Honorable Steven C. Seeger

Vera Lynn Calvin, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 23, 2026:

MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's Motion for Reconsideration (Dckt. No. [18]) of this Court's denial of her request to proceed under a pseudonym is denied. Plaintiff's motion is hard to follow, and offers a big helping of vague statements and generalities. She said that she fears for her safety and the safety of her mother and child if she litigates under her own name. As support, Plaintiff suggests that Defendant Vera Lynn Calvin was arrested in connection with charges involving stalking on March 15, 2026. Even so, that arrest took place more than six months ago. The motion does not reveal what came of it, and does not give any reason to think that a threat currently exists. The motion doesn't even say that Defendant Calvin was arrested for stalking Plaintiff, as opposed to someone else. Plaintiff also points to intimidation that occurred on her Instagram page and that Defendant has stated she "would not stop." Plaintiff also says that Defendant has access to ATT's databases and will be able to locate her that way. Plaintiff does not provide enough detail to substantiate those claims. Bullying on the internet is a far cry from bullying in person. Plus, in the Court's previous denial of her motion to proceed under a pseudonym, this Court raised several inconsistencies that Plaintiff has not addressed. One paragraph of her complaint suggests that Plaintiff "experienced unauthorized financial activity," and she suggests that Defendant might be the culprit. See Cplt. at ¶ 25C (Dckt. No. [1]). Another paragraph alleges that "Defendant Calvin used or misused ATT systems, databases, or employment−related access to research Plaintiff and Plaintiff's family without authorization." Id. at ¶ 39A. Yet another paragraph alleges that "Defendant Calvin recently doxxed Plaintiff by publishing Plaintiff's listed home address and phone number on her YouTube channel." Id. at ¶ 37B. So Plaintiff is both saying that Defendant knows her identity and that this Court needs to protect her so Defendant can't learn her identity. Both can't be true. Plaintiff's motion for reconsideration is denied. Plaintiff must proceed under her own name. This Court has issued several other orders, and Plaintiff has not yet done what this Court directed Plaintiff to do. (Dckt. Nos. [16], [17]). For example, Plaintiff has not yet submitted an amended complaint, or submitted an amended IFP application, and so on. This Court will sua sponte give Plaintiff one final extension. Plaintiff comply with each of this Court's prior orders by November 4, 2026. Specifically, Plaintiff must file an amended complaint under her own name (Dckt. No. [15]), file an amended motion to proceed in forma pauperis (or pay the filing fee) if she still wishes to

procced down that route (Dckt. No. [16]). She also must file a supplemental statement or include in her amended complaint information identifying the citizenship of each party for purposes of determining subject matter jurisdiction (Dckt. No. [17]). This Court will not grant any additional extensions. A failure to comply will lead to dismissal. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.